UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

PAUL B. BROOKS #369562            )
                                  )
v.                                )   NO. 2:09-CV-92
                                  )   *Judge Jordan*
HAMBLEN COUNTY, TENN.,            )
HAMBLEN COUNTY SHERIFF'S          )
DEP'T, ESCO JARNIGAN, and         )
ROOKIE INMAN                      )

## MEMORANDUM and ORDER

Proceeding *pro se*, Tennessee prisoner Paul B. Brooks brings this civil rights action under 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions at the Hamblen County Detention Center. The defendants are Hamblen County, Tennessee, the Hamblen County Sheriff's Department, Hamblen County Sheriff Esco Jarnigan, and Rookie Inman.

### I. The Filing Fee

Plaintiff has also submitted an application to proceed *in forma pauperis* and an affidavit, which reflects that he lacks sufficient financial resources to submit the entire filing fee of $350.00. *See* 28 U.S.C. § 1914(a). Nonetheless, because plaintiff is a prisoner, he is **ASSESSED** the civil filing fee, which shall be paid on an

installment basis. 28 U.S.C. § 1915.. The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). All payments should be sent to: Clerk, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts wherein plaintiff is confined, to ensure compliance with the fee assessment and collection procedures outlined above.

## II. Plaintiff's Allegations

In the "Statement of Claim" section of his complaint form, plaintiff makes the following assertions:

(1) No due process of law
(2) Police Brutality (Beaten Badly Oct. 1st)
(3) Law library not avalable (sic)
(4) Over crowdeness (sic)
(5) I have filed for fast & speedy trial & havn't (sic) received
(6) been 8 months & havn't (sic) talked to public defender
(7) cold food
(8) Dirty housing conditions
(9) 20 people in 8 bunk pod (S-cot on 5-7-09)
(10) girl friend & wifes (sic) being harassed by male gaurds (sic) at visits
(11) If filing this lawsuit fear of retaliation
(12) no outside recreation (3 times in 8 months)
(13) Legal Mail being opened before inmates get it. (Compl., ¶ IV).

Plaintiff would have the Court order that hot food be served to inmates; that outside recreation, cleaner living conditions, a grievance system which functions as it should, and a law library be provided (the latter, when needed by an inmate); that the officers who beat him up be punished and that the ones who "sexually assaulted family" be charged with harassment; and that he be awarded a sum of one-half of a million dollars ($500,000) for being subjected to these unlawful actions and conditions. Plaintiff also asks for a transfer to another facility and for a fast and speedy trial.

### III. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)

and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. **Defendants**

At the outset, there are problems with the named defendants. One of those defendants, the Hamblen County Sheriff's Department, is a non-suable entity. This is so because this defendant has no legal or corporate existence apart from Hamblen County and, hence, is not a "person" subject to liability under 42 U.S.C. § 1983. *Brock v. Warren County*, Tenn., 713 F.Supp 238 (E.D. Tenn. 1989). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate.").

Also, to the extent that plaintiff is seeking to impose supervisory liability on defendants Jarnigan and Inman for any actions on the part of their subordinates, this theory is unfeasible because § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir. 1995). And too, plaintiff must establish the personal involvement of each defendant in the supposed constitutional deprivation.

*See Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (explaining that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others"). Nothing of the sort has been shown here.

The fourth defendant, Hamblen County, Tennessee, is a municipality and it too cannot be liable for the constitutional torts of its employees, since liability cannot hinge on respondeat superior in a § 1983 action. *Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). Rather, Hamblen County will be held liable only when the execution of the governmental policy or custom inflicts the injury, *id.* at 694; that is, it must be shown that "the [County] itself is the wrongdoer." *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). To accomplish this, a plaintiff must "establish that an officially executed policy, or the toleration of a custom within the [governmental entity] leads to, causes, or results in the deprivation of a constitutionally protected right." *Id.* Plaintiff has made no allegations of policy, custom, or practice.

Indeed, plaintiff has made no allegations whatsoever against *any* defendant. The Court is not obliged to assume that a plaintiff would be able to show facts not alleged or that defendants have violated the law in ways not alleged. *See Cline v.*

*Rogers*, 87 F.3d 176, 184 (6th Cir. 1996). For the reasons above, plaintiff has failed to state viable §1983 claims against the defendants.

**B. <u>Claims</u>.**

1. <u>Claims Involving Plaintiff's Criminal Case</u>

Plaintiff asserts that he was denied due process and a fast and speedy trial and, moreover, that he has not talked to the public defender, who presumably has been appointed to represent him in his pending Jefferson County criminal charges. (Compl., ¶ IV-Claims 1, 5, and 6; Attach. 1, letter).

The Court infers that plaintiff is asking this Court to intercede in his state court proceedings to ensure that he receives due process, a fast and speedy trial, and effective assistance of counsel. Unfortunately for plaintiff, these claims must be dismissed because the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies here. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here.

6

Plaintiff's criminal proceedings are pending in the state court. Plaintiff may attack what he sees as violations of his rights in state court. Were this Court to find in plaintiff's favor that the rights alleged had been violated, this ruling undoubtedly would undermine the State's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be given the first opportunity to do so.

Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by affording him the relief he seeks and these claims are **DISMISSED** without prejudice to his right to raise them respectively in a petition for habeas corpus relief after he exhausts his state remedies or in a civil rights action after his conviction has been legally eliminated. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (if plaintiff's judgment for damages would necessarily imply that his state conviction is invalid, he must show conviction has been set aside to proceed in § 1983 suit).

2. Standing Issue

With regard to most of the asserted claims, plaintiff has not indicated how these alleged deprivations or conditions has caused him personal injury. This failure implicates the standing doctrine, which derives from Article III's restriction of federal court jurisdiction to "cases and controversies." U.S. CONST. art. III, § 2, cl.1. To show that he has standing, a plaintiff must demonstrate three things: (1) an injury in

7

fact or a harm that is "actual or imminent, not conjectural or hypothetical," (2) causation, and (3) redressability. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations omitted).

Absent a plea of personal harm, plaintiff has failed to satisfy the first element. Therefore, plaintiff has failed to show that he has standing to pursue all claims, with arguably three exceptions, i.e., Claims 2, 3 and 11. *See ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 659 (6th Cir. 2007) (observing that the standing doctrine "applies to every claim sought to be litigated in federal court").

### 3. Excessive Force Claim (Claim 2)

Plaintiff maintains that he was subjected to police brutality by being beaten on October 1st. Under the Eighth Amendment, the use of excessive force against prisoners may constitute cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). However, not every use of intentional force upon a prisoner by a prison official will rise to the level of an Eighth Amendment violation. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). "[T]he good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Id.* (citations omitted).

An Eighth Amendment claim is comprised of both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 833-36 (1994). The

objective element of the claim requires plaintiff to show a "sufficiently serious" deprivation, *id.* at 834, (i.e., that the force was "harmful enough" to establish a constitutional violation). The subjective inquiry is focused on whether the defendants possessed a culpable state of mind. In the context of excessive force, the question is one of a defendant's intent—whether a defendant used force in a good faith effort to restore order or maliciously and sadistically for the very purpose of causing harm. *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Thus, plaintiff needs to produce evidence that the force was "harmful enough to establish a constitutional violation" and applied "maliciously and sadistically to cause harm" rather than in a "good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 7-8.

Assuming that plaintiff's contention that he was badly beaten is sufficient to show that the force was "harmful enough," so as to demonstrated the objective component, he has not identified which if any of these defendants subjected him to excessive force. Thus, the plaintiff has given the Court no facts from which it could infer that plaintiff was beaten maliciously and sadistically to cause injury, so as to satisfy the intent component. Plaintiff, therefore, fails to state a claim for the excessive use of force.

9

### 4. Law Library (Claim 3)

Plaintiff asserts that no law library is available. A prisoner has a First Amendment right "to petition the Government for redress of grievances," and this includes a right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 822 (1977), but does not include a freestanding right to a law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To show a denial of this right of court access, the plaintiff must demonstrate prejudice or actual injury in his pursuit of a nonfrivolous lawsuit. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996) (defining actual injury "as the late filing or a court document or the dismissal of an otherwise meritorious claim") (citing to *Lewis*, 518 U.S. at 351). Once again, the complaint contains *no* facts to suggest prejudice or actual injury resulting from the unavailability of a law library. Therefore, these assertions also fail to state a claim under § 1983.

### 5. Feared Retaliation (Claim 11)

In this claim, plaintiff alleges that he fears retaliation for filing this lawsuit. First of all, in a deferent context, the Sixth Circuit has explained that merely fearing an event is not enough to state a claim for relief under § 1983: "However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596,

601 (6th Cir. 1998); *Brodak v. Nichols*, 1998 WL 553032, *2 (6th Cir. Aug. 17, 1998) ("Brodak's vague allegation that he feared violence while incarcerated at the facility also is insufficient to state a claim.").

Secondly, a prisoner states a retaliation claim if he shows that (1) he engaged in protected conduct (2) an adverse action was taken against him which would deter a person from ordinary firmness from continuing to engage in such conduct and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff, once again, has offered *no* facts to show any adverse action and, abscent some detrimental conduct directed towards him because he filed this lawsuit, he fails to establish the second and third elements of a claim for retaliation.

Third, an assertion that retaliation is feared as a result of filing a lawsuit is speculative and does not present an actual "case or controversy," which this Court can consider. *North American Natural Resources, Inc. v. Strand*, 252 F.3d 808, 812-13 (6th Cir. 2001). For all these reasons, these allegations are also insufficient to state a § 1983 claim.

### 6. Conclusory Claims

All claims, save the ones involving plaintiff' pending criminal case, are comprised of bald allegations, with scant or no factual underpinnings. Allegations

such as these are conclusory; conclusory allegations fail to state a § 1983 claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Indeed, to assume that a plaintiff would be able to show facts not alleged or that a defendant has violated the law in ways not alleged is not a proper judicial function. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir 1996).

## IV. **Conclusion**

Based on the above discussion, the Court finds that plaintiff has failed to state a claim against defendants.

A separate order will enter.

**ENTER:**

/s/ Leon Jordan
LEON JORDAN
UNITED STATES DISTRICT JUDGE